**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**Springfield**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 17-70050** |
| **JOSHUA DANIEL LINDSEY** | ) | |
| | ) | |
| **Debtor.** | ) | **Chapter 13** |
| | ) | |
| | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**COMES NOW** Credit Acceptance Corporation ("Movant"), by and through its attorneys, Melinda J. Maune, Amy T. Ryan and the law firm of Martin Leigh PC., and in support of its Motion for Relief from Automatic Stay states as follows:

1. On or about March 10, 2016, Joshua Daniel Lindsey ("Debtor") and Brandi L. Boyd Lindsey ("Co-Debtor") executed and delivered to Bob Ridings Lincoln Inc. a Retail Installment Contract ("Contract") in the original amount financed of $12,239.29. A true and correct copy of the Contract is attached hereto as Exhibit A and incorporated herein by this reference. The Contract was assigned to Movant.

2. The Contract is secured by a lien on the Certificate of Title on the following automobile:

2008 Dodge Durango VIN: 1D8HB48N68F137359 ("Collateral")

A true and correct copy of the Certificate of Title is attached as Exhibit B and incorporated herein by this reference.

3. Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code on January 17, 2017.

4. Debtor's Second Amended Chapter 13 Plan provides for surrender of the Collateral listed in paragraph 2 above. Furthermore, the loan is past due in the amount of $2009.01. Movant last received a payment on January 7, 2017.

5. As of April 21, 2017, the payoff owed under the Contract was $11,715.07.

6. Upon information and belief, the NADA retail value of the Collateral is $9,025.00. Debtor has no equity in the Collateral and said Collateral is not necessary for an effective reorganization. 11 U.S.C. §362 (d)(2)(A) and §362 (d)(2)(B).

7. Cause exists for the granting of relief from the automatic stay as Debtor has not offered Movant adequate protection of its interest in the Property. 11 U.S.C. §362(d)(1).

8. Movant requests that any order modifying the stay be effective immediately as allowed under Federal Bankruptcy Rule 4001(a)(3).

**WHEREFORE**, for the foregoing reasons, Movant respectfully requests that this Court enter an Order Granting Relief From the Automatic Stay under §362 (d)(1) and §362 (d)(2)(B) to enable Movant to exercise any and all rights provided under non-bankruptcy law, and that Federal Bankruptcy Rule 4001(a)(3) is waived in order to permit Movant to immediately exercise any and all rights provided under non-bankruptcy law and for such other and further relief as it just and appropriate under the circumstances.

Respectfully submitted,

MARTIN LEIGH, PC.,

s/ Melinda J. Maune

Melinda J. Maune, #49797MO, mjm@martinleigh.com
Amy Tucker Ryan, #49047MO, atr@ martinleigh.com
7710 Carondelet Avenue Suite 217
St. Louis, MO 63105
Telephone: (816) 221-1430
Fax: (816) 221-1044
ATTORNEYS FOR MOVANT

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on this 4th day of May 2017, a true and correct copy of the above and foregoing was electronically filed addressed to the following parties:

Jeffrey Abbott
Robert P. Follmer
Michael James Meyers
Ostling & Associates, LTD
201 W. Olive Street
Bloomington, IL 61701

John H. Germeraad
Chapter 13 Trustee
PO Box 9768
Springfield, IL 62791-9768

U.S. Trustee
Office Of Nancy J. Gargula U.S. Trustee
401 Main St #1100
Peoria, IL 61602

And deposited in the United States mail, postage prepaid, addressed to the following parties:

Joshua Daniel Lindsey
6201 Little Galilee Road
Clinton, IL 61727

Brandi L. Boyd Lindsey
6201 Little Galilee Road
Clinton, IL 61727

s/Melinda J. Maune____
Attorney for Movant

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**Springfield**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 17-70050** |
| **JOSHUA DANIEL LINDSEY** | ) | |
| | ) | |
| **Debtor.** | ) | **Chapter 13** |
| | ) | |
| | ) | |

**SUMMARY OF EXHIBITS**

The following exhibits in reference to the Motion for Relief from Automatic Stay are available upon request.

a. Retail Installment Contract.

b. Certificate of Title.

Respectfully submitted,

MARTIN LEIGH, PC.,

s/ Melinda J. Maune
Melinda J. Maune, #49797MO, mjm@martinleigh.com
Amy Tucker Ryan, #49047MO, atr@ martinleigh.com
7710 Carondelet Avenue Suite 217
St. Louis, MO 63105
Telephone: (816) 221-1430
Fax: (816) 221-1044
ATTORNEYS FOR MOVANT

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on this 4th day of May 2017, a true and correct copy of the above and foregoing was electronically filed addressed to the following parties:

Jeffrey Abbott
Robert P. Follmer
Michael James Meyers
Ostling & Associates, LTD
201 W. Olive Street
Bloomington, IL 61701

John H. Germeraad
Chapter 13 Trustee
PO Box 9768
Springfield, IL 62791-9768

U.S. Trustee
Office Of Nancy J. Gargula U.S. Trustee
401 Main St #1100
Peoria, IL 61602

And deposited in the United States mail, postage prepaid, addressed to the following parties:

Joshua Daniel Lindsey
6201 Little Galilee Road
Clinton, IL 61727

Brandi L. Boyd Lindsey
6201 Little Galilee Road
Clinton, IL 61727

s/Melinda J. Maune____
Attorney for Movant

[redacted]

# RETAIL INSTALLMENT CONTRACT

ACCOUNT [redacted]

LOT # 1TL

| Buyer Name and Address | Co-Buyer Name and Address | Creditor-Seller Name and Address |
|---|---|---|
| BRANDI L BOYD LINDSEY<br>6201 LITTLE GALILEE RD<br>CLINTON, IL 61727 | JOSHUA D LINDSEY<br>6201 LITTLE GALILEE RD<br>CLINTON, IL 61727 | BOB RIDINGS LINCOLN INC<br>3103 N 22ND ST<br>DECATUR, IL 62526 |

"You" and "Your" mean the above Buyer (and Co-Buyer, if any), jointly and severally. "Us" and "We" mean Creditor-Seller and Creditor-Seller's assignee. You may buy the Vehicle described below for cash or credit. The cash price is shown on Page 2 as the "Cash Price". The credit price is shown below as "Total Sale Price". You have agreed to buy the Vehicle from Us on credit for the Total Sale Price. You acknowledge delivery and acceptance of the Vehicle in good condition and repair. You promise to pay Us all amounts due under this Retail Installment Contract ("Contract"), including the Total Sale Price, in accordance with the payment schedule shown in the Truth in Lending Disclosures below. You also agree to the terms and conditions below (including the Truth in Lending Disclosures) and on the additional pages of this Contract. The Annual Percentage Rate may be negotiable with Us.

| | Year and Make | Model and Body Style | Color | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|
| Used | 2008 Dodge | Durango 4D SUV 4WD | Blue | 1D8HB48N68F137359 | 108,650 |

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of Your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost You. | Amount Financed<br>The amount of credit provided to You or on Your behalf. | Total of Payments<br>The amount You will have paid after You have made all payments as scheduled. | Total Sale Price<br>The total cost of Your purchase on credit, including Your down payment of $ 2,500.00 is |
|---|---|---|---|---|
| 23.99 % | $ 7,393.67 | $ 12,239.29 | $ 20,132.96 | $ 22,132.96 |

**Payment Schedule:** Your

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | $ 500.00 | March 30, 2016 |
| | $ | |
| 51 | $ 384.96 | Monthly beginning April 10, 2016 |

**Security:** You are giving a security interest in the goods or Vehicle being purchased.
**Late Charge:** If a payment is more than 10 days late, You will be charged 5% of the installment on installments in excess of $200 or $10 on installments of $200 or less.
**Prepayment:** If You pay off early, You may be entitled to a refund of part of the Finance Charge.
**Additional Information:** Please read this Contract for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGES CAUSED TO OTHERS IS NOT INCLUDED.**

**PROPERTY INSURANCE: You must insure the Vehicle securing this Contract. YOU MAY PURCHASE OR PROVIDE THE INSURANCE THROUGH ANYONE YOU CHOOSE WHO IS RESONABLY ACCEPTABLE TO US, AS MORE FULLY DESCRIBED ON PAGE 3.**

**ARBITRATION:** This Contract contains an Arbitration Clause that states You and We may elect to resolve any dispute by arbitration and not by court action. See the Arbitration Clause on Page 5 of this Contract for the full terms and conditions of the Arbitration Clause. By initialing below, you confirm that you have read, understand and agree to the terms and conditions in the Arbitration Clause.

Sign **Buyer Initials:** BBL    Sign **Buyer Initials:** JL

USED CAR BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE
Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

DOCUMENTARY FEE. A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 2008, WAS $150. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $150 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

**ADDITIONAL TERMS AND CONDITIONS:** THE ADDITIONAL TERMS AND CONDITIONS SET FORTH ON THE ADDITIONAL PAGES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON PAGE 5 OF THIS CONTRACT, ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE.

ORIGINAL

ILLINOIS CREDIT ACCEPTANCE CORPORATION (04-14)
© 2012-2014 Credit Acceptance Corporation.
All Rights Reserved.



EXHIBIT
A

[redacted]

## ITEMIZATION OF AMOUNT FINANCED

1. **Cash Price** (including accessories and improvements to the Vehicle) .......... $ 11,015.00 (1)
2. Sales Tax .......... $ 699.02 (2)
3. Down-Payment Calculation: **Cash Down Payment** .......... $ 2,000.00 (A)
   Deferred Down Payment .......... $ 500.00 (B)
   Trade-In Description: Gross Trade-In .......... $ N/A (C)
   Make: N/A
   Model: N/A Payoff Made by Seller $ N/A (D)
   Net Trade-In (If negative number, insert "0" in line 3(E) and itemize difference in 5(F) below) (C-D) $ 0.00 (E)
   **Total Down Payment** .......... (A + B + E) $ 2,500.00 (3)
4. **Unpaid Balance of Cash Price** (1+ 2 less 3) .......... $ 9,214.02 (4)
5. Other Charges Including Amounts Paid to Others on Your Behalf:
   *(NOTICE: A portion of these charges may be paid to or retained by Us )
   A. *Cost of Required Physical Damage Insurance Paid to Insurance Company .......... $ N/A (A)
   B. *Cost of Optional Extended Warranty or Service Contract Paid to the Company named below .......... $ 2,030.00 (B)
   C Cost of Fees Paid to Public Officials for Perfecting, Releasing or Satisfying a Security Interest .......... $ N/A (C)
   D Documentary Fee * (See Documentary Fee Notice on Page 1) .......... $ 169.27 (D)
   E. Cost of Fees Paid to Public Officials for Certificate of Title, License and Registration .......... $ 196.00 (E)
   Other Charges (Seller must identify who will receive payment and describe purpose)
   F. to N/A for lien or lease payoff .......... $ N/A (F)
   G. *to Western Diversified Servi for Optional GAP Protection .......... $ 630.00 (G)
   H. *to N/A for N/A $ N/A (H)
   I. *to N/A for N/A $ N/A (I)
   J. *to N/A for N/A $ N/A (J)
   K. *to N/A for N/A $ N/A (K)
   Total of Other Charges and Amounts Paid to Others on Your Behalf .......... $ 3,025.27 (5)
6. Less Prepaid Finance Charge .......... $ N/A (6)
7. **Amount Financed - Unpaid Balance** (4 + 5 less 6) .......... $ 12,239.29 (7)

**OPTIONAL EXTENDED WARRANTY OR SERVICE CONTRACT:** Although You are not required to purchase an optional extended warranty or service contract as a condition of purchasing this Vehicle on credit, by signing below You are indicating that You voluntarily elect to buy an optional extended warranty or service contract covering the repair of certain major mechanical breakdowns of the Vehicle and related expenses Refer to the optional extended warranty or service contract for details about coverage and duration.

Price $ 2,030.00 Term: 24 Mos.\ 24000 Mil Company: Wynn's Extended Care, Inc.

Sign
Buyer's Signature 03/10/2016 Date
Buyer's Signature 03/10/2016 Date
Sign

**GAP PROTECTION: Optional Guaranteed Auto Protection (GAP) is not required to obtain credit.** GAP protection will not be provided under this Contract unless You sign for it below and agree to pay the additional cost shown below and on Line 5G of the ITEMIZATION OF AMOUNT FINANCED. You may obtain optional GAP protection from a person of Your choice that is authorized to sell such coverage and is acceptable to Us. The GAP contract issued by the provider of the protection will describe the terms and conditions of coverage in further detail. If You want GAP protection, sign below.

Cost: $ 630.00 Term: 51 Mos. Provider: Western Diversified Services, Inc.

Sign
Buyer's Signature 03/10/2016 Date
Buyer's Signature 03/10/2016 Date
Sign

**NOTICE TO BUYER:** 1. Do not sign this agreement before You read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the agreement You sign. 3. Under the law, You have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

**You agree to the terms of this Contract and acknowledge that You have received a copy of this Contract with all blanks filled in and that You have read it and understand it.**

RETAIL INSTALLMENT CONTRACT

Sign
Buyer's Signature: x Co-Buyer's Signature: x
Sign

Sign
Seller BOB RIDINGS LINCOLN INC By: Title: AGENT

**Co-Buyer:** A co-buyer is a person who agrees to be primarily responsible for paying the entire debt and who (1) actually receives the Vehicle, or (2) is a parent or spouse of the buyer, or (3) will be listed as an owner on the Vehicle's title. By signing above, the co-buyer confirms that the co-buyer will actually receive possession of the Vehicle or will use it, or that the co-buyer is a parent or spouse of the buyer, or will be listed as an owner on the Vehicle's title

This Contract is signed by the Seller and Buyer(s) hereto this 10th day of March, 2016

**NOTICE OF ASSIGNMENT: The Seller has assigned this Contract to Credit Acceptance Corporation in accordance with the terms and conditions set forth on Page 4 of this Contract. This assignment is without recourse. You must make all future payments to: CREDIT ACCEPTANCE CORPORATION, 25505 WEST TWELVE MILE ROAD, SOUTHFIELD, MICHIGAN 48034-8339, 1-(800)-634-1506.**

Sign
Seller: BOB RIDINGS LINCOLN INC By: Title: AGENT

ILLINOIS CREDIT ACCEPTANCE CORPORATION (04-14)

© 2012-2014 Credit Acceptance Corporation.
All Rights Reserved.

[redacted]

# ADDITIONAL TERMS AND CONDITIONS

**Security Interest.** You give Us a security interest in: 1). The Vehicle and all parts or goods installed in it; 2). All money or goods received (proceeds) for the Vehicle; 3). All insurance, maintenance, service or other contracts We finance for You; and 4). All proceeds from insurance, maintenance, service or other contracts We finance for You (this includes any refunds of premiums). This secures payment of all You owe on this Contract and in any transfer, renewal, extension or assignment of this Contract. It also secures Your other agreements in this Contract. You agree to have the certificate of title show our security interest (lien) in the Vehicle.

**Late Charge.** You promise to make all payments when due. If You fail to make a payment when it is due, You agree to pay Us a late charge as stated on Page 1 of this Contract. You agree that We do not waive any of our rights by accepting one or more late payments from You.

**Bad Check Charge.** You agree to pay Us a bad check charge of $25.00 (or such other amount permitted by applicable law) for any check or like instrument given by You to Us that is returned by Your bank because of insufficient funds or because Your bank account was closed.

**Ownership and Risk of Loss.** You promise to pay Us all You owe under this Contract even if the Vehicle is damaged, destroyed or missing.

**Your Other Promises to Us.** You promise that:
- You will not remove the Vehicle from the United States or Canada without our written permission.
- You will not sell, rent, lease or otherwise transfer any interest in the Vehicle or this Contract without our written permission.
- You will not expose the Vehicle to misuse or confiscation.
- You will not permit any other lien or security interest to be placed on the Vehicle.
- You will preserve and protect the Vehicle and keep it in good condition and repair.
- You will not use the Vehicle in a trade or business without our written consent.
- You will not use the Vehicle unlawfully or abandon it. If a governmental agency impounds the Vehicle, You will notify Us immediately and regain possession of the Vehicle. We may regain possession of the Vehicle and treat it as a default.
- You will pay all taxes, assessments, rentals, charges, and other fees imposed on the Vehicle when they are due If We pay any repair bills, storage bills, taxes, fines, fees, or other charges on the Vehicle, You agree to repay the amount to Us.
- You will permit Us to inspect the Vehicle at any reasonable time.
- You will promptly sign, or cause others to sign, and give Us any documents We reasonably request to perfect our security interest.
- You have not made and will not make an untrue, misleading or incomplete statement in a credit application, this Contract or any information provided in connection with this Contract.
- You will promptly provide Us with any additional personal or financial information concerning You or any information about the Vehicle that We may reasonably request from time to time.
- You will immediately notify Us if You change Your name or address.

**Prepayment.** You have the right to prepay Your account balance early without a penalty. If You prepay in full, You may be entitled to a refund credit of part of the pre-computed finance charge. This credit will be calculated in accordance with the actuarial method. We will apply the credit to the amount You owe Us or if You paid Us more than the amount owed to Us under this Contract, We will retain a $25.00 acquisition fee before calculating any refund credit. We will not credit or refund amounts less than $1.00.

If You prepay only a portion of the balance remaining under this Contract, We will apply the prepayment to Your account balance, however a prepayment will not excuse any later scheduled payments. You must still make all scheduled payments on time until Your obligation under this Contract is paid in full. If You make a partial prepayment Your last payment or payments may be less than the scheduled amount due.

**Required Physical Damage Insurance.** You must insure Yourself and Us for the term of this Contract against loss of, or physical damage to, the Vehicle with a policy in Your name that is acceptable to Us. We must approve the type and amount of insurance. Unless You provide Us with evidence of the insurance coverage required by Your agreement with Us or at any time during the term of this Contract You do not have physical damage insurance which covers both the interest of You and Us in the Vehicle, We may purchase insurance at Your expense to protect our interests in the Vehicle. This insurance may, but need not, protect Your interests. The coverage that We purchase may not pay any claim that You make or any claim that is made against You in connection with the Vehicle. You may later cancel any insurance purchased by Us, but only after providing Us with evidence that You have obtained insurance as required by our agreement. If We purchase insurance for the Vehicle, You will be responsible for the costs of that insurance, including finance charges and any other charges We may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Your total outstanding balance or obligation The costs of insurance may be more than the cost of insurance You may be able to obtain on Your own.

We are under no obligation to buy any insurance, but may do so if We desire. The finance charge We will impose will equal the Annual Percentage Rate shown on Page 1 of this Contract. You agree to pay all costs, charges, including finance charge in equal installments along with the payments shown on the Payment Schedule on Page 1.

If the Vehicle is lost or damaged, You agree that We can use any insurance settlement either to repair the Vehicle or apply to Your account balance. If applied to your account balance, the insurance settlement proceeds that do not pay Your obligation in full under this Contract will be applied as a partial payment.

**Optional Insurance, Maintenance or Service Contracts.** This Contract may contain charges for optional insurance, maintenance, service or warranty contracts. If the Vehicle is repossessed, You agree that We may claim benefits under these contracts and terminate them to obtain refunds of unearned charges.

**Insurance, Maintenance, Service or Other Contract Charges Returned to Us.** If any charge for required insurance is returned to Us, it may be credited to Your account in accordance with the Prepayment section of this Contract or used to buy similar insurance which covers only our interest in the Vehicle Any refund on optional insurance, maintenance, service, warranty or other contracts obtained by Us will be credited to Your account in accordance with the Prepayment section of this Contract.

**Default and Acceleration of the Contract.** You will be in default if:
- You fail to pay any amount due under this Contract when it is due.
- You break any of Your other promises You made in this Contract.
- A proceeding in bankruptcy, receivership or insolvency is started by You or against You or Your property.

If You are in default of this Contract, We may declare the entire unpaid balance of this Contract due and payable immediately at any time without notice to You, unless We are required by law to provide You with such notice, and subject to any right You may have to reinstate the Contract. In figuring what You owe, We will give You a refund of part of the Finance Charge figured the same as if You had prepaid Your obligation under this Contract in full.

Buyer's Initials ______

Buyer's Initials ______

ILLINOIS CREDIT ACCEPTANCE CORPORATION (04-14)
**© 2012-2014 Credit Acceptance Corporation.**
**All Rights Reserved.**

## ADDITIONAL TERMS AND CONDITIONS (cont.)

**Starter Interruption Device and GPS.** You understand and agree that if You are in default, We may use any starter interruption device and/or global positioning system (collectively, the Device) installed on the Vehicle to prevent the Vehicle from starting and/or to locate the Vehicle when permissible law and the terms of this Contract allow us to repossess the Vehicle. You agree that if the Vehicle is disabled, You will need to cure Your default in order to restart the Vehicle. You acknowledge that You have been provided with a toll free telephone number that You may call, no more than once per month, if the Vehicle is disabled but You need an emergency activation which will allow the Vehicle to operate for 24 hours. Refer to the terms and conditions of the Buyer's Disclosure for additional information on the Device.

**Repossession of the Vehicle.** If You default, We may take (repossess) the Vehicle from You. To repossess the Vehicle, We can enter Your property, or the property where the Vehicle is stored, so long as it is done peacefully and the law allows it. Any accessories, equipment or replacements will remain with the Vehicle. You hereby acknowledge and agree that any personal property contained within the Vehicle may be removed and held without liability to Us or our agent. It is Your responsibility to promptly and immediately contact Us to make arrangements for the return of Your personal property. You are responsible for paying all reasonable charges associated with the repossession.

**Getting the Vehicle Back After Repossession.** If We repossess the Vehicle, You have the right to pay to get it back (redeem) and may have the right to reinstate the Contract. If You have the right to reinstate the Contract, We will tell You the amount to pay, time period to reinstate the Contract and when that time period ends. Your right to redeem the Vehicle ends when We sell, lease, license or otherwise dispose of any or all of the Vehicle in its present condition or following any commercially reasonable preparation or processing.

**Sale of the Repossessed Vehicle.** Any notice that is required to be given to You of an intended sale or transfer of the Vehicle will be mailed to Your last known address, as reflected in our records, in a reasonable period before the date of the intended sale or transfer (or such other period of time as is required by law). If the Vehicle is sold, We will use the net proceeds of the sale to pay all or part of Your debt.

The net proceeds of the sale will be figured this way: Any charges for taking, holding, preparing for sale, and selling the Vehicle, and any attorney fees and court costs, if permitted by law, will be subtracted from the selling price.

If You owe Us less than the net proceeds of sale, We will pay You the difference, unless We are required to pay it to someone else. For example, We may be required to pay a lender who has given You a loan and has also taken a security interest in the Vehicle.

If You owe more than the net proceeds of sale, You will pay Us the difference between the net proceeds of sale and what You owe when We ask for it. If You do not pay this amount when asked, You may also be charged interest at the highest lawful rate until You do pay all You owe to Us.

**Collection Costs.** If We hire an attorney to collect what You owe and the attorney is not our salaried employee, You will also pay the attorney's reasonable fees and any court costs as permitted by law.

**Delay in Enforcing Rights and Changes of this Contract.** We can delay or refrain from enforcing any of our rights under this Contract without losing them. For example, We can extend the time for making some payments without extending others. Any change in the terms of this Contract must be in writing and signed by Us. No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.
Interest After Maturity. You further agree to pay interest at the Annual Percentage Rate stated on Page 1 of this Contract or at the highest rate permitted by applicable law, on any amounts that remain unpaid after maturity of this Contract. For the purposes of this provision, maturity means the earlier of the date Your final payment is due or the date We accelerate the Contract.

**Judgment Rate.** Interest on any judgment awarded on this Contract will be at 9% or at the highest rate permitted by applicable law.

**Governing Law.** The terms of this Contract are governed by law of the state of the Seller's address shown on Page 1 of this Contract, except to the extent preempted by applicable federal law.

WARRANTIES SELLER DISCLAIMS. YOU UNDERSTAND THAT THE SELLER IS NOT OFFERING ANY WARRANTIES AND THAT THERE ARE NO IMPLIED WARRANTIES OF MERCHANTABILITY, OF FITNESS FOR A PARTICULAR PURPOSE, OR ANY OTHER WARRANTIES, EXPRESS OR IMPLIED BY THE SELLER, COVERING THE VEHICLE UNLESS THE SELLER EXTENDS A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT.
THIS PROVISION DOES NOT AFFECT ANY WARRANTIES COVERING THE VEHICLE THAT MAY BE PROVIDED BY THE VEHICLE MANUFACTURER.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

### ASSIGNMENT

**FOR VALUE RECEIVED**, Seller hereby assigns and transfers all Seller's right, title and interest in and to this Contract, and in and to the Vehicle described herein, to **CREDIT ACCEPTANCE CORPORATION** ("Assignee"), its successors and assigns, pursuant to and in accordance with the terms and conditions set forth in the existing dealer agreement between Seller and Assignee in effect on the date hereof. Seller gives Assignee full power, either in Assignee's name or in Seller's name, to take all actions which Seller could have taken under this Contract In order to induce Assignee to accept assignment of this Contract, Seller represents and warrants to Assignee as set forth in the existing dealer agreement.

Buyer's Initials ________

Buyer's Initials ________


© 2012-2014 Credit Acceptance Corporation.
All Rights Reserved.

[redacted]

## ARBITRATION CLAUSE

This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury. In this Arbitration Clause, "We" and "Us" mean Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation) or their employees, assignees, or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between You and Us. "You" and "Your" means each Buyer named above.

**Your Right to Reject: If You don't want this Arbitration Clause to apply, You may reject it by mailing Us at P.O. Box 5070, Southfield, Michigan 48086-5070 a written rejection notice that describes the Contract and tells Us that You are rejecting this Arbitration Clause. A rejection notice is only effective if it is signed by all buyers, co-buyers and cosigners and the envelope that the rejection notice is sent in has a post mark of 30 days or less after the date of this Contract. If You reject this Arbitration Clause, that will not affect any other provision of this Contract or the status of Your Contract. If You don't reject this Arbitration Clause, it will be effective as of the date of this Contract.**

A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories. Notwithstanding the foregoing, "Dispute" does not include any individual action brought by You in small claims court or Your state's equivalent court, unless such action is transferred, removed or appealed to a different court. "Dispute" does not include any repossession of the Vehicle upon Your default and any exercise of the power of sale of the Vehicle under this Contract or any individual action by You to prevent Us from using any such remedy, so long as such individual action does not involve a request for monetary relief of any kind. In addition, "dispute" does not include disputes about the validity, enforceability, coverage or scope of this Arbitration Clause or any part thereof (including, without limitation, the Class Action Waiver described in the sixth paragraph of this Arbitration Clause, the last sentence of the seventh paragraph of this Arbitration Clause and/or this sentence); all such disputes are for a court and not an arbitrator to decide. However, any dispute or argument that concerns the validity or enforceability of the Contract as a whole is for the arbitrator, not a court, to decide.

If a Dispute arises, the complaining party shall give the other party a written Dispute Notice and a reasonable opportunity, not less than 30 days, to resolve the Dispute. Any Dispute Notice to You will be sent in writing to the address on this Contract (or any updated address You subsequently provide to Us). Any Dispute Notice to Us must be sent by mail to: Credit Acceptance, Attn: Corporate Legal, 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339 (or any updated address We subsequently provide to You). Any Dispute Notice You send must give Your Account Number, telephone number and address. Any Dispute Notice must explain the nature of the Dispute and the relief that is demanded. The complaining party must reasonably cooperate in providing any information about the Dispute that the other party reasonably requests.

Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction. All statutes of limitation that otherwise would apply to an action brought in court will apply in arbitration. The arbitrator is authorized to award all remedies permitted by the substantive law that would apply if the action were pending in court, including, without limitation, punitive damages (which shall be governed by the Constitutional standards employed by the courts) and attorneys' fees and costs.

If You or We elect to arbitrate a Dispute, neither You nor We will have the right to pursue that Dispute in court or have a jury resolve that dispute. In addition, if You or We elect to arbitrate a Dispute, (a) neither You nor We may participate in a class action in court or in a class-wide arbitration, either as a plaintiff, defendant or class member; (b) neither You nor We may act as a private attorney general in court or in arbitration; (c) Disputes brought by or against You may not be joined or consolidated with Disputes brought by or against any other person; and (d) the arbitrator shall have no power or authority to conduct a class-wide arbitration, private attorney general arbitration or joined or consolidated arbitration (this sentence including subparts a through d hereof is referred to in this Arbitration Clause as the "Class Action Waiver"). In the event there is an agreement to arbitrate claims or disputes that conflicts with this Arbitration Clause, whether such agreement is executed before, at the same time, or after this Arbitration Clause, the terms of this Arbitration Clause shall control any and all Disputes between You and Us

Notwithstanding the foregoing, We retain the right to repossess the Vehicle upon Your default and to exercise any power of sale under this Contract. If any provision of this Arbitration Clause other than the Class Action Waiver is invalid or unenforceable under the Federal Arbitration Act or any other applicable law, the invalid or unenforceable provision shall be inapplicable and deemed omitted, but shall not invalidate the rest of this Arbitration Clause, and shall not diminish the parties' obligation to arbitrate Disputes subject to this Arbitration Clause. In the event that the Class Action Waiver is determined to be invalid or unenforceable, then, subject to the right to appeal such a ruling, this entire Arbitration Clause (except for this sentence) shall be null and void.

Whoever first elects arbitration may choose to arbitrate under the rules and procedures of either JAMS or the American Arbitration Association; however in the event of a conflict between these rules and procedures and the provisions of this Arbitration Clause, You and We agree that this Arbitration Clause governs for that specific conflict. You may obtain the rules and procedures, information on fees and costs (including waiver of the fees), and other materials, and may file a claim by contacting the organization of Your choice. The addresses and websites of the organizations are: JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com ; and American Arbitration Association, 335 Madison Avenue, Floor 10, New York, New York 10017-4605, www.adr.org If neither JAMS nor the American Arbitration Association is able or willing to serve, and You and We can't otherwise agree on a substitute administrator or arbitrator, then a court with appropriate jurisdiction shall appoint an arbitrator. We will consider any good faith request You make to Us to pay the administrator's or arbitrator's filing, administrative, hearing and/ or other fees if You cannot obtain a waiver of such fees from the administrator and We will not seek or accept reimbursement of any such fees. We will bear the expense of our attorneys, experts and witnesses, except where applicable law and this Contract allow Us to recover attorneys' fees and/or court costs in a collection action We bring. You will bear the expense of Your attorneys, experts and witnesses if We prevail in an arbitration. However, in an arbitration You commence, We will pay Your fees if You prevail or if We must bear such fees in order for this Arbitration Clause to be enforced. Also, We will bear any fees if applicable law requires Us to. The arbitrator may decide that an in-person hearing is unnecessary and that he or she can resolve the Dispute based on the papers submitted by You or Us and/or through a telephonic hearing. However, any arbitration hearing that You attend will take place at a location that is reasonably convenient to You. Notice of the time, date and location shall be provided to You and Us under the rules and procedures of the arbitration organization selected.

The arbitrator's decision is final and binding, except for any right of appeal provided by the Federal Arbitration Act, 9 U.S.C. §§ 1 et. Seq. ("FAA"). However, if the amount of the Dispute exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either party exceeding $50,000, any party can appeal the award to a three-arbitrator panel administered by the Administrator, which panel shall reconsider any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. Reference in this Arbitration Clause to "the arbitrator" shall mean the panel of arbitrators if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the section of this Arbitration Clause that describes who will bear the costs for the initial proceeding before a single arbitrator.

It is expressly agreed that this Contract evidences a transaction in interstate commerce. This Arbitration Clause is governed by the FAA and not by any state arbitration law.

Buyer's Initials ________

Buyer's Initials ________


© 2012-2014 Credit Acceptance Corporation.
All Rights Reserved.

STATE OF ILLINOIS

# CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1D8HB48N68F137359 | 2008 | DODGE | DURANGO | UTILITY | 16085699799 |

| DATE ISSUED | ODOMETER | CCM. | MOBILE HOME SQ.FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|---|
| 03/25/16 | 109650 | | | 03/10/16 USED | ORIGINAL |

MAILING ADDRESS

LEGEND(S)

ACTUAL MILEAGE

CREDIT ACCEPTANCE CORP
25505 W 12 MILE RD STE 3000
SOUTHFIELD MI 48034-8331

OWNER(S) NAME AND ADDRESS
BRANDI L BOYD-LINDSEY
JOSHUA D LINDSEY
6201 LITTLE GALILEE RD
CLINTON IL 61727

FIRST LIENHOLDER NAME AND ADDRESS
CREDIT ACCEPTANCE CORP
25505 W 12 MILE RD STE 3000
SOUTHFIELD MI 48034-8331

SECOND LIENHOLDER NAME AND ADDRESS

RELEASE OF LIEN
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

Firm Name By Signature of Authorized Agent Date

Firm Name By Signature of Authorized Agent Date

NEW LIEN ASSIGNMENT: The information below must be on an application for title and presented to the Secretary of State.
Secured Party: Address:

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

ASSIGNMENT OF TITLE
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING NO TENTHS

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

Signature(s) of Seller(s)

Printed Name(s) of Seller(s) DATE OF SALE

I am aware of the above odometer certification made by seller.

Signature(s) of Buyer(s) Printed Name

I Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any.
IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO.
M5313225



Jesse White
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.

MUST BE COMPLETED BY SELLER

DO NOT DETACH UNTIL SOLD
NOTICE OF SALE

SEE INSTRUCTIONS ON REVERSE

| Vehicle Make | Vehicle Year | Vehicle Identification Number (VIN) | Date |
|---|---|---|---|
| DODGE | 2008 | 1D8HB48N68F137359 | |

Name of Seller (Current Registered Owner) Name of Buyer

Complete Address of Seller Complete Address of Buyer

City State ZIP City State ZIP

Under penalties of perjury, I hereby certify that the foregoing is true and correct under the laws of the United States.

Seller's Signature Printed Name of Seller Date

EXHIBIT
B